KEUTHEN v. BREMER et al.

(Supreme Court, Appellate Division, First Department. November 12, 1909.)

JUDGMENT (§ 244*)—ACTIONS AGAINST PARTNERS—JUDGMENT—DESCRIPTION OF DEFENDANTS.

The judgment for plaintiff, conforming to pleadings, in an action against "B. and R., copartners doing business as B., F. & R., as attorneys in fact of and representing A. et al., as underwriters, doing business under the name or style of New York & New England Underwriters at Lloyds, of New York City," is one against individuals, and not against an associa-

tion, incorporated or not, so that it is error to strike therefrom the concluding words, commencing with "as underwriters."

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 430, 439; Dec. Dig. § 244.*]

Appeal from Special Term, New York County.

Action by August Keuthen against Jefferson D. Bremer and Charles E. Ring, copartners doing business as Bremer, Fiske & Ring, as attorneys in fact of and representing Henry Altenbrand et al., as underwriters doing business under the name or style of New York & New England Underwriters at Lloyds, of New York City. From an order striking out from the judgment for plaintiff the words "as underwriters doing business under the name or style of New York & New England Underwriters at Lloyds, of New York City," plaintiff appeals; the New York & New England Underwriters at Lloyds, of New York City, being the respondent. Reversed, and motion denied.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

William Otis Badger, Jr., for appellant.

Holmes Jones, for respondent.

PER CURIAM. The judgment follows the pleadings, and in both the parties for whom Bremer and Ring acted are correctly described as "Underwriters doing business under the name or style of New York & New England Underwriters at Lloyds, of New York City." The judgment is in form one against certain individuals, and not against an association, incorporated or not. We are not concerned with the effect that some other court may give such a judgment.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.